**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BRIAN NEAL LOWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-CV-075-JHP-TLW |
| ) | |
| JARED W. PETERS; ) | |
| TAMMY HILTON; ) | |
| RALPH MACON, JR., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On February 9, 2015, Plaintiff, a federal prisoner appearing pro se, commenced a civil action by filing a "Motion for Reparations of the Crime of Grand Theft" (Dkt. # 1). For the reasons discussed below, the Court finds Plaintiff's motion shall be dismissed for lack of jurisdiction.

**A. Filing fee**

As a preliminary matter, Plaintiff is advised that, in order to commence a civil action in this Court, he is required to pay a $350 filing fee. 28 U.S.C. § 1914. In addition, the administrative fee for filing a civil action in this Court is $50. <u>Id.</u>, District Court Miscellaneous Fee Schedule, ¶ 14. Plaintiff failed to pay the filing and administrative fees, totaling **$400**, when he filed his "Motion for Reparations of the Crime of Grand Theft." Therefore, Plaintiff must either pay in full both the $350 filing and the $50 administrative fees or, should he lack sufficient funds to prepay the filing fee, file a motion to proceed in forma pauperis.[1] Should Plaintiff file a motion to proceed in forma pauperis, he shall provide the accounting information required by statute. Pursuant to 28 U.S.C. § 1915(a)(2), a "prisoner seeking to bring a civil action . . . without prepayment of fees . . . in addition

---

[1] If Plaintiff is granted permission to proceed in forma pauperis, he will not be obligated to pay the additional $50 administrative fee.

to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." This information **must be provided** so that the Court can assess not only Plaintiff's ability to pay the filing fee but also his ability to pay an initial partial filing fee to be applied towards the filing fee should Plaintiff be allowed to proceed without prepayment of the full fee. See 28 U.S.C. § 1915(b).

**Plaintiff is advised that even if he has insufficient funds to prepay the full $350 filing fee and $50 administrative fee required to commence this action, he will nonetheless be responsible for full payment of the filing fee in monthly installments as mandated by 28 U.S.C. § 1915(b)**. Plaintiff is further advised that he is obligated to pay the $350 filing fee even though, as discussed below, this action is dismissed for lack of jurisdiction.

**B. Dismissal standards**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Federal courts have a duty to determine their own jurisdiction whether or not the parties raise the issue. Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). In reviewing the sufficiency of a complaint under FED. R. CIV. P. 12(b)(1) for lack of subject-matter jurisdiction, the court "must accept the allegations in the complaint as true." Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995).

To avoid dismissal for failure to state a claim under FED. R. CIV. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain

"enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. Twombly articulated the pleading standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**C. The motion fails to identify a basis for jurisdiction in this federal district court**

In his motion (Dkt. # 1), Plaintiff names three defendants, as follows: Jared W. Peters, Plaintiff's former landlord and housemate; Tammy Hilton, Peters' girlfriend; and Ralph Macon, Jr., a notary public. Plaintiff explains that on or about April 8, 2011, he was arrested at his residence and became incarcerated.[2] Since that date, he has remained incarcerated and has not been able to return to his residence to remove his personal property. Plaintiff alleges that "immediately upon arrest," he asked his brother to make arrangements with Peters to retrieve Plaintiff's personal property. (Dkt. # 1 at 2). However, Plaintiff's brother was unsuccessful in his efforts to contact Peters and "[a]fter several months of no visual spotting" of Peters, Plaintiff's brother gave up on the search. Id. Thereafter, "plaintiff finally obtained the necessary information required to proceed legally in the instant matter." Id. at 3. Based on the documents attached to his motion, Plaintiff alleges that defendants conspired to deprive him of his personal property, including his 1995 Volvo automobile. Plaintiff provides a list of his property and claims a total value of $8,775. Id. at 5. Plaintiff also seeks $5,000 per defendant "in reparations." Id. at 6.

In Nicodemus v. Union Pacific Corp., 218 F.3d 1231 (10th Cir. 2003), the Tenth Circuit Court of Appeals summarized the bases for federal court jurisdiction, as follows:

> "Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331. Federal-question jurisdiction exists for all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily

---

[2]Plaintiff was convicted of Sexual Exploitation of a Child, in N.D. Okla. Case No. 11-CR-058-CVE, and sentenced to 180 months imprisonment, followed by 10 years supervised release.

depends on resolution of a substantial question of federal law.'" Morris, 39 F.3d at 1111 (quoting Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)).

Thus, to find jurisdiction under 28 U.S.C. § 1331, two conditions must be satisfied. First, a question of federal law must appear on the face of plaintiff's well-pleaded complaint. Rice v. Office of Servicemembers' Group Life Ins., 260 F.3d 1240, 1245 (10th Cir. 2001). Second, plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, "its resolution must necessarily turn on a substantial question of federal law." Id. (citing Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986)). "A court examining whether a case turns on a [substantial] question of federal law [must] focus on whether Congress evidenced an intent to provide a federal forum." Morris, 39 F.3d at 1111 (citation omitted).

Nicodemus, 218 F.3d at 1235-36 (footnote omitted).

As discussed below, Plaintiff identifies no basis for the Court's jurisdiction. Furthermore, upon review of the motion, the Court finds no basis for its jurisdiction. For that reason, Plaintiff's motion shall be dismissed for lack of subject-matter jurisdiction.

**1. No federal question identified**

In this case, Plaintiff fails to identify a question of federal law. It appears that Plaintiff raises state law claims of conversion and fraud. Those claims are properly brought in state court, not in federal district court.

**2. Factual allegations insufficient to support action under 42 U.S.C. § 1983**

To the extent Plaintiff believes he has been deprived of his property in violation of his civil rights under 42 U.S.C. § 1983, Plaintiff is advised that his motion fails to state a claim upon which relief may be granted. First, section 1983 provides as follows:

> Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

>Constitution and laws, shall be liable to the party injured in an action
>at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). The emphasized language establishes that to be liable under § 1983, the defendant must have acted under color of state law (i.e., he must have been a state actor). All of the named defendants in this action are private parties. "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) (citation omitted)); see also Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir.2002) ("In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law."). In order for a private party to be acting under color of state law, "its actions [must] so approximate state action that they may be fairly attributed to the state." Lansing v. City of Memphis, 202 F.3d 821, 828 (6th Cir.2000); see also Harper v. Bank of America, 2013 WL 4048259, *3 (N.D. Ohio Aug. 7, 2013) (unpublished)[3] (finding no defendant, including two notaries, to be state actor).

Furthermore, even if Plaintiff demonstrated that he was deprived of his personal property under color of state law, his motion fails to state a claim upon which relief may be granted. If the state provides an adequate post-deprivation remedy, section 1983 suits alleging intentional deprivations of property without due process are barred. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Durre v. Dempsey, 869 F.2d 543, 546 (10th Cir. 1989). Under Oklahoma law, Plaintiff had a post-deprivation remedy in the form of actions for conversion or fraud. See Okla. Stat. tit. 23, §§ 3, 4, 64; Okla. Stat. tit. 76, § 1. Plaintiff does not allege that these remedies were

---

[3]This and other unpublished opinions herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

unavailable or deficient. As a result, Plaintiff's request for reimbursement for property fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Hudson, 468 U.S. at 533. Therefore, even if Plaintiff were to assert federal question jurisdiction under 42 U.S.C. § 1983, his motion would be dismissed.

### 3. Factual allegations insufficient to support diversity jurisdiction

As stated above, another basis for federal court jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. To establish diversity jurisdiction under § 1332, a plaintiff must demonstrate complete diversity of citizenship and that the amount in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff is advised that he has the burden of establishing diversity jurisdiction. See Green v. Corrections Corp. of America, 401 F. App'x 371, 377 (10th Cir. 2010) (unpublished). Furthermore, "[f]or purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." Smith v. Cummings, 445 F.3d 1254, 1259-60 (10th Cir. 2006). Plaintiff must state facts demonstrating that he and the defendants are domiciled in different states. Significantly, "[b]ecause domicile is a voluntary status, a prisoner is presumed to be a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently incarcerated in another state." Id. at 1260. In other words, if Plaintiff and defendants were domiciled in the same state prior to the commencement of criminal proceedings in N.D. Okla. Case No. 11-CR-058-CVE, Plaintiff will be unable to establish diversity jurisdiction. In his motion (Dkt. # 1), Plaintiff makes no allegation of diversity jurisdiction. Plaintiff alleges that he and all three defendants were domiciled in Oklahoma at the time of his arrest. Therefore, even if Plaintiff were able to satisfy the amount in controversy requirement of diversity jurisdiction, by showing that it appears to a legal

certainty that he can recover at least the jurisdictional amount of $75,000, see <u>Watson v. Blankinship</u>, 20 F.3d 383, 386 (10th Cir. 1994), he will be unable to establish diversity jurisdiction.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. Plaintiff shall either pay in full the $400 filing and administrative fees, or file a motion to proceed in forma pauperis supported by the required certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the motion obtained from the appropriate official of each prison at which he is or was confined, or show cause in writing for his failure to do so.

2. The Clerk of Court is directed to send Plaintiff a blank motion to proceed in forma pauperis (form AO-240), identified as Case No. 15-CV-075-JHP-TLW.

3. Plaintiff's civil complaint (Dkt. # 1), filed as a "Motion for Reparations for the Crime of Grand Theft," is **dismissed without prejudice** for lack of subject-matter jurisdiction.

4. This is a final Order terminating this action.

**DATED** this 13th day of February, 2015.

James H. Payne
United States District Judge
Northern District of Oklahoma